UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KAREN A.,

                                        Plaintiff,

v.

ANDREW SAUL, Commissioner of
Social Security,

                                        Defendant.

Case No.:  3:19-cv-01464-KSC

**ORDER ON MOTIONS FOR
SUMMARY JUDGMENT**

    On August 5, 2019, plaintiff Karen A. filed a complaint pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision by the Commissioner of Social Security denying her application for a period of disability and disability insurance benefits. Doc. No. 1.  Before the Court are the parties' Cross-Motions for Summary Judgment. Doc. Nos. 18, 19.  For the reasons set forth below, the Court GRANTS Plaintiff's Motion for Summary Judgment, DENIES defendant's Motion for Summary Judgment, and REMANDS the matter to the Social Security Administration for further proceedings.

/ /

/ /

/ /

1

# I. BACKGROUND

## A. Plaintiff's Application for Disability Benefits

On October 3, 2017, plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act. Certified Administrative Record ("AR") at 24.[1] Also on October 3, 2017, plaintiff protectively filed a Title XVI application for supplemental security income. *Id.* In both applications she alleged disability beginning on May 11, 2011.[2] *Id.* After her applications were denied at the initial stage and upon reconsideration, plaintiff requested an administrative hearing before an administrative law judge ("ALJ"). *Id.* An administrative hearing was held on February 12, 2019, at which plaintiff appeared with counsel and gave testimony. *Id.* At the hearing, the ALJ also heard testimony from a vocational expert. *Id.*

## B. The Five-Step Disability Evaluation

The Social Security regulations establish a five-step sequential evaluation for determining whether a claimant is entitled to disability insurance benefits. *See* 20 C.F.R. §§ 404.1520. First, the ALJ must determine whether the claimant is engaged in substantial gainful activity. *Id.*, § 404.1520(a)(4)(i). Second, the ALJ must determine whether the claimant is suffering from a "severe" impairment within the meaning of the Social Security regulations. *Id.*, § 404.1520(a)(4)(ii). Third, if the ALJ finds the claimant suffers from a severe impairment, the third step is to determine whether that impairment meets or is medically equal to one of the impairments identified in the regulations' Listing of Impairments. *Id.*, § 404.1520(a)(4)(iii). Fourth, if the severe impairment does not meet or equal a Listing, the ALJ must determine the claimant's residual functional capacity ("RFC") based on all impairments (including those that are not severe) and whether that RFC is sufficient for the claimant to perform his or her past

---

[1] The Court adopts the parties' pagination of the AR. All other record citations are to the page numbers assigned by the Court's ECF system.

[2] Plaintiff later amended the alleged onset date of her disability to April 26, 2015. *See* AR at 24.

relevant work.  *Id.*, § 404.1520(a)(4)(iv).  The claimant has the burden of proving his or her disability at steps one through four.  *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995).  However, "[a]lthough the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001).

At the fifth and final step, the ALJ must determine whether the claimant can make an adjustment to other work based on his or her RFC.  *Id.*, §404.1520(a)(4)(v).  As the Ninth Circuit has explained:

> To aid in making this determination, the ALJ may rely on an impartial vocational expert to provide testimony about jobs the applicant can perform despite his or her limitations. [citation] *The Dictionary of Occupational Titles* ("*Dictionary*"), a resource compiled by the Department of Labor that details the specific requirements for different occupations, guides the analysis. If the expert's opinion that the applicant is able to work conflicts with, or seems to conflict with, the requirements listed in the *Dictionary*, then the ALJ must ask the expert to reconcile the conflict before relying on the expert to decide if the claimant is disabled. [citation]

*Gutierrez v. Colvin*, 844 F.3d 804, 807 (9th Cir. 2016) (citations omitted).  Among the requirements for each occupation identified in the DOT are the "reasoning ability required to perform the job," measured on a six-level scale with Level 1 being the lowest reasoning ability required and Level 6 being the highest.  *See Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015).  At this step, the burden "shifts" to the Commissioner "to identify specific jobs existing in substantial numbers in the national economy" that the claimant can perform despite his or her disability.  *Johnson*, 60 F.3d at 1432.

**C. Summary of the ALJ's Findings**

The ALJ followed the five-step process described above in rendering his decision. AR at 25-26.  At step one, the ALJ found plaintiff did not engage in substantial gainful activity from April 26, 2015, her alleged onset date, through the date of the ALJ's decision. *Id.* at 27.

/ /

At step two, the ALJ found that plaintiff had the following severe impairments: degenerative changes in the lumbar spine with sciatica; history of asthma; obesity; anxiety; depression; and personality and impulse control disorders.  *Id.*  The ALJ further found that these medically determinable impairments severely limited plaintiff's ability to perform basic work requirements.  *Id.*  At step three, the ALJ found that none of these impairments alone or in combination met or medically equaled one of the impairments listed in the Commissioner's Listing of Impairments.  *Id.* at 28-29.

At step four, the ALJ found that plaintiff had the RFC to perform "light work" with some exceptions based on both physical and mental impairments.  *Id.* at 30.  Specifically with respect to plaintiff's mental impairments, the ALJ found that plaintiff was "limited to understanding, remembering and carrying out simple instructions and tasks; responding appropriately to supervisors and coworkers in a task-oriented setting where contact with others is casual and infrequent; performing work at a normal pace without productive quotas; should not work in a setting that requires constant/regular contact with the general public … ; and should not perform work which includes more than infrequent handling of customer complaints."  *Id*.

In assessing plaintiff's RFC, the ALJ considered reports of three separate mental health examinations.  *Id.* at 33-34.  First, an evaluation done for the initial claim found that plaintiff "can understand and remember simple and detailed instructions" and "can carry out simple and detailed instructions over the course of a normal workweek."  *Id*. at 34.  A second evaluation conducted in connection with plaintiff's request for reconsideration stated that plaintiff "can understand, remember, apply knowledge and carry out two-step commands involving simple instructions and maintain concentration, persistence and pace for the same; … may have difficulty sustaining attention over extended periods; …[and] could sustain concentration, persistence and pace up to 4-hour increments with customary work breaks."  *Id*.  A third examination found that plaintiff "is capable of understanding and following at least simple instructions [and] has a moderate impairment in her capacity to maintain concentration, persistence and pace."  *Id*.  The ALJ

considered these opinions "persuasive" and "consistent with the medical record." *Id.* Based on her RFC, the ALJ further determined that plaintiff was unable to return to her past relevant work as a telemarketer. *Id.* at 35.

At step five, the ALJ found that, considering her age, education, work experience and RFC, plaintiff could perform jobs that existed in significant numbers in the national economy. *Id.* at 36. In making this determination, the ALJ relied on the testimony of a vocational expert, who opined that given her RFC, plaintiff could work as a mail clerk (DOT Code 209.687-026), marker (DOT Code 209.587-034), or office helper (DOT Code 239.567-010). *Id.* The ALJ "determined that the vocational expert's testimony [was] consistent with the information contained in the [DOT]." *Id.* Thus, the ALJ found plaintiff was not disabled. *Id.* at 37.

## II. DISPUTED ISSUES

Plaintiff moves for summary judgment on the basis that the ALJ found plaintiff capable of following "simple instructions" without addressing that the "ceiling of what [plaintiff] can do" is to follow one- and two-step commands. Doc. No. 18-1 at 7-8. Plaintiff states that since the occupations the ALJ determined she could perform each require a Reasoning Level 2 or 3, they are inconsistent with her limitation to carrying out one- and two-step commands. *Id.* at 8. In other words, plaintiff's position is that she is limited to performing occupations requiring Reasoning Level 1 based on her RFC. Plaintiff further asserts that the ALJ's "fail[ure] to acknowledge" that plaintiff can only "understand, remember, apply knowledge and carry out two-step commands" was legal error. *Id.* at 9. Plaintiff asserts that the ALJ's error was not harmless because her limitations on her reasoning ability "erod[e]" her "ability to perform occupations" such as those the ALJ found she could capably do. *Id.* Plaintiff requests that the Court reverse and award benefits, or, in the alternative, reverse and remand for further proceedings. *Id.*

The Commissioner also moves for summary judgment and raises two arguments. Doc. No. 19. First, the Commissioner asserts that plaintiff has waived the argument that the ALJ's finding that she is able to perform simple tasks is inconsistent with positions

requiring Reasoning Level 2, because plaintiff did not raise this issue at the hearing. Doc. No. 19 at 5.   Second, the Commissioner argues that "the ALJ did not find that [p]laintiff was limited to simple one[-] and two-step tasks but only limited her to carrying out 'simple instructions and tasks,'" which is consistent with Reasoning Level 2. *Id.* at 7. Accordingly, the Commissioner states, there was no error in the ALJ's finding that plaintiff could perform the positions of marker and office helper, both requiring Reasoning Level 2. *Id.* at 6-7.   The Commissioner concedes that the position of mail clerk, which requires Reasoning Level 3, "may" be inconsistent with a limitation to perform "simple, repetitive tasks," but asserts this error was harmless given that there were other positions the ALJ found plaintiff capable of performing. *Id.*

### III.   STANDARD OF REVIEW

The Commissioner's final decision "must be affirmed" if it is "supported by substantial evidence, and if the Commissioner applied the correct legal standards." *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence" means "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"   *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (citation omitted).   This Court must review the record "as a whole" and consider adverse as well as supporting evidence.   *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996). However, where the evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld.   *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).   The Commissioner's decision, even if erroneous, may not be reversed if the error is harmless.   *Pruett v. Colvin*, 85 F. Supp. 3d 1152, 1157 (N.D. Cal. 2015). However, the Court cannot uphold the Commissioner's decision for reasons "'that the agency did not invoke in making its decision.'"   *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

/ /

/ /

/ /

# IV.   DISCUSSION

## A. There Is an Apparent Conflict Between Plaintiff's RFC and Occupations Requiring Level 2 or Level 3 Reasoning Ability

In *Zavalin*, the Ninth Circuit addressed an ALJ's determination that a claimant could perform jobs that were inconsistent with his reasoning abilities. 778 F.3d 842.  The claimant, Zavalin, suffered from cerebral palsy, a learning disability, and a speech impediment, as a result of which he was limited to performing "simple, routine tasks." *Id.* at 844, 845.  At a hearing regarding Zavalin's eligibility for disability benefits, the ALJ asked a vocational expert if there were jobs in the national economy that Zavalin could perform, given his limitations.  *Id.*  at 844.  The vocational expert testified that Zavalin could work as a cashier or a surveillance system monitor.  *Id.*  Both jobs require Reasoning Level 3.  *Id.*  Following the five-step process outlined above, the ALJ in *Zavalin* determined that the claimant was not disabled.  *Id.* at 845.  The ALJ acknowledged Zavalin's limitation to "simple, repetitive tasks," but, relying on the vocational expert's testimony and the DOT, determined that Zavalin could perform the occupations identified by the vocational expert.  *Id.*  "[T]he ALJ did not explain whether Zavalin possessed the reasoning ability required to perform these occupations, given his residual functional capacity of only simple, routine or repetitive work."  *Id.*

The Ninth Circuit reversed and remanded.  *Id.* at 848.  The *Zavalin* court found there was a "plain" conflict between the claimant's RFC "to perform simple, repetitive tasks, and the demands of Level 3 reasoning," which required the claimant to "apply commonsense understanding to carry out instructions furnished in written, oral or diagrammatic form" and to "deal with problems involving several concrete variables." *Id.* at 847.  The *Zavalin* court further found that the ALJ erred because she "failed to recognize [this] inconsistency" and therefore did not question the vocational expert as to how a person limited to executing simple, repetitive tasks could capably perform a job requiring Level 3 reasoning ability.  *Id.*  Furthermore, because the ALJ did not "reconcile this apparent conflict," the record was not sufficiently developed for the reviewing court

7

to "determine whether substantial evidence support[ed] the ALJ's five-step finding" that Zavalin was not disabled.  *Id.* at 847-48.

The Court finds that *Zavalin* controls here.  Plaintiff asserts that the "ceiling of what [plaintiff] can do" is to follow one- and two-step commands.  Doc. No. 18-1 at 7-8. The Commissioner disputes this and argues that "the ALJ did not find [p]laintiff was limited to simple one and two-step tasks but only limited her to carrying out 'simple instructions and tasks.'" Doc. No. 19 at 7.  But that is not unequivocally clear from the record.  The ALJ found that plaintiff was "limited to understanding, remembering and carrying out *simple instructions and tasks*."  AR at 30.  Yet the ALJ also "fully considered" and "found consistent with the medical record" the opinions of three mental health professionals, who on separate occasions found plaintiff:

- "can understand and remember … [and] carry out *simple and detailed instructions*";

- "can understand, remember, apply knowledge and carry out *two-step commands* involving simple instructions"; and

- "is capable of understanding and following *at least simple instructions*."

*Id.* at 33-34 (emphasis added).  Considering these assessments (to which the ALJ assigned "great weight," *id.* at 35) in comparison to the descriptions found in the DOT, the Court finds that Level 1 "seems at least as consistent" with plaintiff's limitation as Level 2.[3]  *Zavalin*, 778 F.3d at 847; *see also Rounds v. Comm'r Soc. Sec. Admin.*, 807

---

[3] The DOT defines Level 1 and Level 2 as follows:

LEVEL 1
Apply commonsense understanding to carry out *simple one- or two-step instructions*. Deal with standardized situations with occasional or no variables in or from these situations encountered on the job.

LEVEL 2
Apply commonsense understanding to carry out *detailed but uninvolved written or oral instructions*. Deal with problems involving a few concrete variables in or from standardized situations.

F.3d 996, 1003 (9th Cir. 2015) (noting that claimant with a Level 1 reasoning ability "cannot perform" tasks requiring "detailed" instructions as required by Level 2).

On the record before it and considering plaintiff's limitation to following "simple" and "one- or two-step instructions," AR at 33-34, the Court finds that the vocational expert's testimony that plaintiff could perform occupations requiring Level 2 or Level 3 reasoning ability "appear more than the [plaintiff] can handle." *Zavalin*, 778 F.3d at 846. Thus, there was an apparent conflict between the vocational expert's testimony that plaintiff could work as a mail clerk, marker, or office helper and plaintiff's limitations.

## B. The ALJ Failed to Reconcile the Conflict

The ALJ was required to "reconcile the conflict before relying on the expert to decide if the claimant is disabled." *Gutierrez*, 844 F.3d at 807; *see also Lamear v. Berryhill*, 865 F.3d 1201, 1206 (9th Cir. 2017) (same) (citing *Zavalin*, 778 F.3d at 846). The hearing transcript reflects that the ALJ presented the vocational expert with a hypothetical claimant with plaintiff's limitations, including that the hypothetical claimant "is able to understand, remember and carry out simple instructions and tasks," and inquired whether there was work that the hypothetical claimant could perform. AR at 58-59. The vocational expert testified that the hypothetical claimant could not return to any past relevant work, but could work as a mail clerk, marker, or office helper. *Id.* The following exchange then took place:

> Q: Has your testimony today been consistent with the DOT and Selected Characteristics of Occupations?
>
> A: Yes.

*Id.* at 59. The ALJ did not inquire further of the vocational expert or solicit her explanation of how a hypothetical claimant who could only carry out simple, one- and

Dictionary of Occupational Titles, Appx. C, 1991 WL 688702 (emphasis added).

two-step instructions could nevertheless capably perform jobs requiring a Level 2 or Level 3 reasoning ability.  *See id.*  In his written decision, the ALJ stated simply that "Pursuant to SSR 00-4p, the undersigned has determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles."  *Id.* at 36.

The Court finds the foregoing inquiry was insufficient to satisfy the ALJ's "affirmative duty to 'ask the expert to explain the conflict and then determine whether the vocational expert's explanation for the conflict is reasonable before relying on the expert's testimony to reach a disability determination.'"  *Rounds*, 807 F.3d at 1003 (*quoting Zavalin*, 778 F.3d at 846).  The ALJ was required to, but did not, "directly address[]" whether plaintiff's limitation to carrying out simple tasks was consistent with the occupational requirements of mail clerk, marker, or office helper, "and if so, why." *Id.*; *see also Jimenez Rodriguez v. Saul*, No. 19-CV-805-CAB-KSC, 2019 WL 7048774, at *5 (S.D. Cal. Dec. 23, 2019) ("While ALJs are allowed to rely on the opinions of the V[ocational] E[xpert], they are also obligated to make reasonable inquiry into any potential conflicts with the DOT.") (*citing Lamear*, 865 F.3d at 1206).  Instead, the ALJ accepted the vocational expert's conclusory statement that her testimony was consistent with the DOT.  *See Buck v. Berryhill*, 869 F.3d at 1051 (noting that a vocational expert's testimony "is not incontestable").  That was error.  *Rounds*, 807 F.3d at 1003; *Guiterrez*, 844 F.3d at 807; *Zavalin*, 778 F.3d at 847.

## C. The ALJ's Error Was Not Harmless

The Commissioner asserts that the ALJ's error was harmless and urges the Court to find the ALJ's decision "legally sufficient in all respect[s]."  Doc. No. 19 at 7-8. However, the ALJ's failure to reconcile an apparent conflict is not harmless precisely because it is difficult if not impossible to determine from the record "whether substantial evidence supports the ALJ's five-step finding that [the claimant] could perform [the] work."  *Zavalin*, 778 F.3d at 848 (second alteration in original); *see also Lamear*, 865 F.3d at 1206 (noting the "absen[ce] [of] anything in the record to explain th[e] apparent

discrepancy"); *Pruett v. Colvin*, 85 F. Supp. 3d 1152, 1158 (N.D. Cal. 2015) ("The ALJ's failure to do so may preclude the Court from determining whether the ALJ's decision is supported by substantial evidence."). In short, the very failure to develop the record also means the record is insufficient to support a finding that the error was harmless. *Rounds*, 807 F.3d at 1004 (finding that "the record does not support a conclusion that the ALJ's failure to resolve this apparent conflict was harmless error").

The problem is amply demonstrated by the record here. As the Commissioner concedes (*see* Doc. No. 19 at 6), plaintiff's RFC is inconsistent with the requirements of the mail clerk position, which would require her to "apply commonsense understanding to carry out instructions furnished in written, oral or diagrammatic form" and to "deal with problems involving several concrete variables." Dictionary of Occupational Titles, Appx. C, 1991 WL 688702; *accord Buck*, 869 F.3d at 1051 (finding jobs requiring Reasoning Level 3 "inconsistent" with limitation to performing "simple, routine or repetitive work"); *Payan v. Colvin*, 672 Fed. App'x 732, 733 (9th Cir. 2016) (same). The ALJ's unquestioning acceptance of the vocational expert's conclusory statement that her testimony was consistent with the DOT "necessarily" means the record is silent as to "whether the vocational expert's explanation for deviating from the DOT was reasonable." *Pruett*, 85 F. Supp. 3d at 1158. The ALJ's failure to develop the record also means there is nothing in the record to support the Commissioner's assertion that plaintiff's RFC is consistent the positions requiring Reasoning Level 2. Doc. No 19 at 7.

Without the benefit of a more complete record, this Court cannot assume that the ALJ correctly determined plaintiff could perform positions requiring Reasoning Level 2 or Level 3. *Pruett*, 85 F. Supp. 3d at 1158. Accordingly, based on the record before it, the Court finds that the Commissioner has failed to carry its burden to establish plaintiff can perform other work in the national economy. The Court further finds that the case must be remanded so that the ALJ may address in the first instance whether, in fact, plaintiff could perform jobs requiring Reasoning Level 2 or 3 notwithstanding her limitation of carrying out "simple" instructions. *See Lamear*, 865 F.3d 1207 (remanding

for further "follow up" with the vocational expert); *Buck*, 869 F.3d at 1052 (reversing and directing that the ALJ "address[]" the "inconsistency in the record" on remand).

## D. Waiver

Finally, the Court rejects the Commissioner's argument that plaintiff waived her right to challenge the inconsistency between her RFC and the positions the ALJ found she could perform on appeal. Doc. No. 19 at 5. The ALJ has an "affirmative duty" to fully develop the record. *Rounds*, 807 F.3d at 1003. This includes eliciting testimony explaining any "apparent conflict" between the vocational expert's testimony and what "the claimant can handle." *Zavalin*, 778 F.3d at 846; *see also* Social Security Ruling ("SSR") 00–4p, 2000 WL 1898704, at *2 (Dec. 4, 2000) (explaining the ALJ's duty to "fully develop the record" as to whether there is consistency between VE occupational evidence and the DOT). The law of this Circuit is clear that counsel's failure to raise the apparent conflict "does not relieve the ALJ of his express duty to reconcile apparent conflicts through questioning." *Lamear*, 865 F.3d at 1206 (*citing Zavalin*, 778 F.3d at 846). Accordingly, this argument has not been waived.

## V. CONCLUSION

The record establishes an apparent conflict between plaintiff's limitations and the DOT requirements for the positions the ALJ determined plaintiff was capable of performing. Under this Circuit's precedent, the ALJ was obligated to reconcile this inconsistency, but did not do so. That error was not harmless. Accordingly, plaintiff's motion for summary judgment is GRANTED and defendant's motion for summary judgment is DENIED. The Court hereby REMANDS the matter to the Social Security Administration for further proceedings.

**IT IS SO ORDERED.**

Dated: September 21, 2020

Hon. Karen S. Crawford
United States Magistrate Judge